```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

MARY WEBBER and KELLY MARTIN,

       Plaintiffs,
v.                                    Case No. 8:12-cv-1505-T-33AEP

COAST DENTAL, P.A. and COAST
DENTAL OF GEORGIA, P.C.,

       Defendants.
_____/

**ORDER**

Plaintiffs Mary Webber and Kelly Martin are dental hygienists who claim that Defendants, Coast Dental, P.A., and Coast Dental of Georgia, P.C., their respective former employers, violated the Fair Labor Standards Act by failing to make overtime payments. Plaintiffs filed a Motion to Conditionally Certify a FLSA Class Action and Facilitate Notice of Potential Class Members (Doc. # 34) on December 17, 2012. Defendants filed their Response in Opposition to the Motion on January 8, 2013 (Doc. # 41), and Plaintiffs filed a Reply (Doc. # 46) with leave of Court on January 21, 2013. As explained below, the Court denies the Motion.

**I.    Background**

Webber filed her FLSA complaint against Coast Dental, P.A., on July 5, 2012. (Doc. # 1). On December 17, 2012, with leave of Court, Webber filed an Amended Complaint naming Kelly

Martin as an additional plaintiff and naming Coast Dental of Georgia, P.C. as an additional defendant. (Doc. # 33). Two individuals have filed notices of consent to join: Laura Tirico (Doc. # 9) and Angela Neal (Doc. # 13).[1]

At this stage of the proceedings, Plaintiffs seek conditional certification of this case as a collective action consisting of all "current and former full-time Dental Hygienists who worked for Defendants in Florida and Georgia . . . who earned less than $100,000 per year for any year of their employment within the statute of limitations." (Doc. # 34 at 21). Among other arguments, Defendants posit that conditional certification is not appropriate because Plaintiffs have not demonstrated that there are other employees who desire to opt into the litigation or that these other employees, if any, are similarly situated with respect to their job requirements and pay arrangements. As will be discussed below, based on Plaintiffs' insufficient showing, the Court denies conditional certification.

## II. Legal Standard

The Fair Labor Standards Act expressly permits collective

---

[1] On February 14, 2013, Plaintiffs attempted to file what they purport to be an additional notice of consent to join (Doc. # 47). However, nothing is attached to the document.

2

actions against employers accused of violating the FLSA's mandatory overtime provisions. See 29 U.S.C. § 216(b) ("[a]n action . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."). In prospective collective actions brought pursuant to Section 216(b), potential plaintiffs must affirmatively opt into the collective action. Id. ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.").

The Eleventh Circuit has recommended a two-tiered procedure for district courts to follow in determining whether to certify a collection action under § 216(b). Cameron-Grant v. Maxim Healthcare Servs., Inc., 347 F.3d 1240, 1242 (11th Cir. 2003)(citing Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1218 (11th Cir. 2001)). The first tier, known as the notice stage, is relevant here. "At the notice stage, the district court makes a decision--usually based on the pleadings and any affidavits which have been submitted-- whether notice of the action should be given to potential class members." Id. at 1243.

The Court must determine whether there are other

employees who desire to opt-in and whether those employees are similarly situated. <u>Morgan v. Family Dollar Stores, Inc.</u>, 551 F.3d 1233, 1258 (11th Cir. 2008); <u>Dybach v. State of Fla. Dep't of Corrections</u>, 942 F.2d 1562, 1567-68 (11th Cir. 1991). This determination is made using a "fairly lenient standard." <u>Hipp</u>, 252 F.3d at 1218. The Plaintiffs bear the burden of showing a reasonable basis for the claim that there are other similarly situated employees who desire to join in the litigation. Essentially, at this stage of the proceedings, the Court must determine whether there are other of Defendants' dental hygienists who are similarly situated and who desire to opt in. <u>Dybach</u>, 942 F.2d at 1567-68.

## III. <u>Analysis</u>

Defendants indicate that approximately 184 individuals would potentially fit within Plaintiffs' proposed class definition.[2] However, only four individuals, Webber, Martin, Tirico, and Neal have expressed interest in this suit. No current employees of Defendants have joined this action. No one has joined this action since September 18, 2012, when Neal

---

[2] Coast Dental employed approximately 121 full time dental hygienists in Florida during the class period, and Coast Dental of Georgia employed approximately 63 full time dental hygienists during the class period. (Adams Decl. Doc. # 41-1 at ¶¶ 7-8).

4

joined the action. (Doc. # 13).

Webber, Martin, and Tirico have each filed an affidavit representing that there may be other individuals who are interested in joining the litigation. Webber indicates, "Since this lawsuit began, I have talked to other hygienists who would be interested in this lawsuit if it were certified as a class action. Some are afraid to join currently because they still work for Coast Dental but would like to be a part of it if given the chance." (Webber Aff. Doc. # 34-3 at 2, ¶ 6). Martin similarly states, "I have talked to other hygienists, such as Stephanie Mataski and Johanna Duron, who are interested in joining this lawsuit. I believe that if other hygienists from Coast Dental get notice of this lawsuit, many will want to join." (Martin Aff. Doc. # 34-3 at 23, ¶ 6). Last, Tirico indicates, "I have talked to other Coast Dental Hygienists who are interested in joining this lawsuit, such as Velvet Holbert and Audra Tharpe. Some are afraid to join currently because they still work for Coast Dental." (Tirico Aff. Doc. # 34-3 at 25, ¶ 7).

Months have transpired since the submission of these affidavits, and none of the individuals mentioned, or anyone else for that matter, have filed a notice of consent to join.

As noted, Plaintiffs bear the onus of demonstrating that

5

there are other employees who desire to opt into the ligation and that these other employees are similarly situated with respect to their job requirements and pay arrangements. Dybach, 942 F.2d at 1567-68. "In making this showing, a plaintiff cannot rely on speculative, vague, and conclusory allegations." Manzi v. Hartman & Tyner, Inc., No. 11-cv-60426, 2011 U.S. Dist. LEXIS 73562, at *5 (S.D. Fla. July 8, 2011). Further, "mere belief or unsupported expectations that additional plaintiffs will come forward are insufficient to justify certification." David v. Associated Out-Door Clubs, Inc., No. 8:09-cv-1541-T-30MAP, 2010 U.S. Dist. LEXIS 50507, at *3 (M.D. Fla. Apr. 27, 2010).

Although Plaintiffs' initial burden is minimal, it cannot be met based on what Plaintiffs have tendered to this Court. Considering the number of dental hygienists who would fall within the class definition (184), the duration of this suit (8 months), and the paucity of individuals who have joined in the litigation (4), the Court determines that Plaintiffs have failed to meet their burden of providing sufficient evidence that other employees want to join this action.

As explained in Mackenzie v. Kindred Hospitals East, LLC, 276 F. Supp. 2d 1211, 1220 (M.D. Fla. 2003), certification of a collective action and notice to a potential class is not

6

appropriate to determine *whether* there are others who desire to join the lawsuit. Rather, a showing that others desire to opt in is required before certification and notice will be authorized by the Court. Id.

"[T]he FLSA has a broad remedial purpose, but . . . courts, as well as practicing attorneys, have a responsibility to avoid the stirring up of litigation through unwarranted solicitation." Holt v. Rite Aid Corp., 333 F. Supp. 2d 1265, 1274-75 (M.D. Ala. 2004). Accordingly, conditional certification should "be exercised with discretion and only in appropriate cases." Haynes v. Singer Co., Inc., 696 F.2d 884, 886 (11th Cir. 1983). The Court exercises its discretion to deny conditional certification in the present case. However, in an abundance of fairness to the two individuals who have filed notices of consent to join in the litigation, the Court will allow Laura Tirico and Angela Neal to join this action as party plaintiffs.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiffs' Motion to Conditionally Certify a FLSA Class Action and Facilitate Notice of Potential Class Members (Doc. # 34) is **DENIED.**

(2) Laura Tirico and Angela Neal are joined as Plaintiffs in

7

this action.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>11th</u> day of March, 2013.

                                                                  /s/ Virginia M. Hernandez Covington
                                                                  VIRGINIA M. HERNANDEZ COVINGTON
                                                                  UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record